OPINION of the Court, by
Judge Owsxet.
We are of opinion the court below erred in not instructing the jury to find as in case of a nonsuit.
There is an essential variance betw een the promise laid in the declaration and that proven on the trial. The declaration alleges a promise to pay for the land leased three barrels of corn per acre, without mentioning at what place, and the proof shows a promise to pay three *496 barrels of corn per acre when a former tenant had paid his rent corn j or if Brown chose, to be delivered at his own yard, &c.
We are also of opinion that the court erred in rejecting the written receipt offered by Camplin as evidence.
That receipt purports to have been executed after the making of the promise laid in the declaration, but before the time whan the corn should have been paid, and shows an acknowledgment by Brown of bis having received a note from Camplin for five dollars, in full of all bond.% contracts, debts, dues and demands, up to its date, except a suit then depending.
This receipt, as it is not under seal, was not, it is tree, competent to show a release of the promise upon which this suit is brought; but as it applies to all con? tracts, it was certainly admissible to show the receipt by Blown of a note for live dollars, in full of the present demand; and if the nóte was so received, as it must have been given since the act of 1812, regulating proceedings in civil cases, the original promise was thereby not only so merged in the note that assumpsit could not thereafter be maintained upon it, but the receipt of the note, if under the accord of the parties, would be. a sufficient satisfaction to bar an action upon the promise. The receipt should, therefore, have been admitted as evidence. ; but when admitted, if obtained through fraud, mistake, Or other undue means, Brown should be allowed to show those circumstances lor the purpose of repelling its operation.
The judgment musí be reversed with costs, the cause remanded to the court below, and such further proceedings there had as may be consistent with this opinion.